NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOURDES PEREGRINA GARCIA, | No. 06-74338 |
| Petitioner, | Agency No. A078-241-205 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 18, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Lourdes Peregrina Garcia, a native and citizen of Mexico, petitions for

review from a decision by the Board of Immigration Appeals ("BIA") dismissing

her appeal from the Immigration Judge's ("IJ") denial of her application for

asylum, withholding of removal, voluntary departure, relief under the Convention

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Against Torture, adjustment of status, and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

Peregrina Garcia presents only two issues for our review. One, she contends that the IJ erred in admitting a letter into evidence from her ex-spouse in violation of 8 U.S.C. § 1367. Section 1367 prohibits "an adverse determination of admissibility or deportability . . . using information furnished solely by-- (A) a spouse or parent who has battered the alien or subjected the alien to extreme cruelty[.]" 8 U.S.C. § 1367(a)(1). Two, she argues that "[t]he conduct of the Immigration Judge was so prejudicial during the hearings that it amounted to a denial of due process to Petitioner."

The admission into evidence of Peregrina Garcia's ex-spouse's letter does not merit reversal. The IJ explained that he had not relied on the letter in reaching his decision because the letter was "not worthy of evidentiary weight since its maker was not present to be questioned." Therefore, there was no prejudice, and the IJ's decision does not violate § 1367.

The IJ denied each of Peregrina Garcia's claims to avoid removal because she was not a credible witness. Peregrina Garcia contends that she was denied her right to due process because the IJ "[took] over the role of prosecutor[.] Pursuant to 8 U.S.C. § 1229a(b)(1), an IJ has the authority to "interrogate, examine, and

2

cross-examine the alien and any witnesses." The record does not reflect that the IJ was biased against Peregrina Garcia or that his cross-examination violated her right to due process by preventing her from presenting evidence to support her claims.

The petition for review is **DENIED**.